UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

JOHN NELLEMS,

Plaintiff,

v.

MIAMI CORRECTIONAL FACILITY,

Defendant.

CAUSE NO. 1:26-CV-282-CCB-SJF

## OPINION AND ORDER

John Nellems, a prisoner without a lawyer, initiated this case by filing a motion

for preliminary injunction. ECF 1. In the interests of justice, the court will also construe

this filing as a complaint. "A document filed *pro se* is to be liberally construed, and a *pro*

*se* complaint, however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

(quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the

court must review the merits of a prisoner complaint and dismiss it if the action is

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief against a defendant who is immune from such relief.

Nellems, who is currently incarcerated at the Miami Correctional Facility (MCF),

alleges he has been "stabbed, extorted, and put threw (sic) cruel and unusual

punishment here at this facility." ECF 1 at 1. He doesn't describe the incidents, say

when these events allegedly occurred, or indicate who was involved other than to say,

"I've been targeted by gang members for being a gang drop out or snitch." *Id*.

(parenthesis removed). He filed a request for protective custody at some point, but it was denied. The unit team manager told him he "will have to go to general population again to be discharged from custody on my EPRD (earliest possible release date)" because the facility doesn't have a "protective custody writ." *Id*. Nellems seeks injunctive relief in the form of an order directing MCF "to keep me housed in segregation until my release from custody." *Id*.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id*. at 833. The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "[A] complaint that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk." *Gevas v. McLaughlin*, 798 F.3d 475, 481 (7th Cir. 2015). General requests for help, expressions of fear, and even prior attacks are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008). "[P]risons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). In the context of failure to protect cases, the Seventh Circuit has equated "substantial risk" to risks so great that they are almost certain to materialize if nothing is done." *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir.

2005); *see also Thomas v. Dart*, 39 F.4th 835, 843 (7th Cir. 2022) (quoting *Brown* and noting that a "bare 'increased risk' [associated with mental health issues] does not necessarily correlate to a 'substantial risk'").

Nellems doesn't identify any of his assailants or suggest that the prison officials at MCF had knowledge of the prior stabbing incident before it occurred at some point in the past. Nor are his speculative allegations of a potential attack from unspecified "gang members" at some point in the future sufficient to state a claim or put prison officials on notice of a "specific, credible, and imminent risk of serious harm." *Gevas*, 798 F.3d at 481; *see also Klebanowski*, 540 F.3d at 639–40. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not shown — that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has

3

happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). As noted, Nellems has not done so here.

Thus, the motion/complaint does not state any plausible claims for which relief can be granted. If Nellems believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

Nellems must also resolve his filing fee status before proceeding by either by paying the full $405 filing fee upfront or by filing an in forma pauperis motion—along with a copy of his inmate trust fund ledger detailing his transactions for the past six months—seeking to pay the fee over time. If he chooses to file a motion, he must do so on an **AO 240 (Rev. 7/10) (INND Rev. 8/16) Prisoner Motion to Proceed In Forma Pauperis** form, which is available from his prison law library.

As a final matter, the court must address the request for preliminary injunctive relief. A preliminary injunction is a "very far-reaching power, never to be indulged in except in a case clearly demanding it." *Cassell v. Snyders*, 990 F.3d 539, 544 (7th Cir. 2021) (quoting *Orr v. Shicker*, 953 F.3d 490, 501 (7th Cir. 2020)). To obtain a preliminary

injunction, a movant "must make a threshold showing that: (1) absent preliminary injunctive relief, he will suffer irreparable harm in the interim prior to a final resolution; (2) there is no adequate remedy at law; and (3) he has a reasonable likelihood of success on the merits." *Tully v. Okeson*, 977 F.3d 608, 612-13 (7th Cir. 2020) (quoting *Turnell v. CentiMark Corp.*, 796 F.3d 656, 662 (7th Cir. 2015)); *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

As to the merits, "the applicant need not show that it definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). In assessing the merits, the court need not simply "accept [the plaintiff's] allegations as true" or "give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Ind.*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the merits must be assessed as "they are likely to be decided after more complete discovery and litigation." *Id.* at 792.[1] With regard to irreparable harm, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. If the movant meets all the threshold requirements, the court may then

---

[1] The Seventh Circuit has recognized this step is "often decisive," and a court need not analyze the remaining elements when that is the case. *Univ. of S. Ind.*, 43 F.4th at 791.

"consider the balance of harms between the parties and the effect of granting or denying a preliminary injunction on the public interest." *Tully,* 977 F.3d at 613 (quotation marks omitted).

"Mandatory preliminary injunctions" requiring the defendant to take affirmative acts—such as transferring an inmate to another prison—are viewed with particular caution and are "sparingly issued[.]" *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted). Additionally, in the prison context, my ability to grant injunctive relief is significantly circumscribed; any remedial injunctive relief "must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citations and internal quotation marks omitted).

Here, as described in detail above, Nellems hasn't stated any plausible claims, so he currently has no chance of success on the merits. Notably, while he believes he may face danger at some unspecified point in the future if he is released into the general population, he admits he is currently in segregation. Such speculative allegations don't provide a sufficient basis to grant a motion for prospective preliminary injunctive relief. *See, e.g., Halczenko v. Ascension Health, Inc.*, 37 F.4th 1321, 1325 (7th Cir. 2022) ("Even more, though, and like the district court, we have a hard time seeing this alleged harm as anything but speculative—too much so to warrant the extraordinary remedy of preliminary injunctive relief."). Accordingly, the motion will be denied.

For these reasons, the court:

(1) **DIRECTS** the clerk to separately docket the motion for preliminary

injunction

(ECF 1) as a complaint;

(2) **DENIES** the motion for preliminary injunction (ECF 1);

(3) **GRANTS** John Nellems until **July 22, 2026**, to file an amended complaint on

the proper form and to resolve his filing fee status; and

(4) **CAUTIONS** John Nellems that if he does not comply with this order by the

deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice

because the current complaint does not state any claims for which relief can be granted.

SO ORDERED on June 18, 2026.

_/s/ Cristal C. Brisco_
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT